UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>MALINKA MOYE,<br><br>        Plaintiff.<br>_____/ | No. C-14-2533 EMC (pr)<br>No. C-14-2534 EMC (pr)<br>No. C-14-2535 EMC (pr)<br>No. C-14-2536 EMC (pr)<br>No. C-14-2537 EMC (pr)<br>No. C-14-2786 EMC (pr)<br>No. C-14-2787 EMC (pr)<br>No. C-14-2788 EMC (pr)<br>No. C-14-2790 EMC (pr)<br>No. C-14-2791 EMC (pr)<br>No. C-14-2792 EMC (pr)<br>No. C-14-2793 EMC (pr)<br>No. C-14-2794 EMC (pr)<br>No. C-14-2859 EMC (pr)<br>No. C-14-2877 EMC (pr)<br>No. C-14-2878 EMC (pr)<br>No. C-14-3235 EMC (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## I.    INTRODUCTION

Malinka Tacuma Wade Moye, an inmate at the San Francisco County Jail, has filed these numerous civil actions under 42 U.S.C. § 1983 and other federal statutes. His complaints are now before the Court for review under 28 U.S.C. §§ 1915 and 1915A.

## II.    BACKGROUND

Mr. Moye is no stranger to this Court or the state courts. In 2006, he was declared a vexatious litigant under state law by the San Francisco County Superior Court and ordered not to file any new actions in state court without first obtaining leave of court do so. *See Moye v. Baca*, San Francisco County Superior Court Case No. CGC-06-450461 (August 11, 2006 order). Mr. Moye then became quite active in the federal court. After he had filed about 20 meritless actions in this

1  Court, Judge Alsup declared him to be a vexatious litigant on December 21, 2009 and subjected him
2  to pre-filing review in future cases. *See* Docket # 30 in *Moye v. City and County of San Francisco*,
3  N. D. Cal. Case No. C 09-3892 WHA. Judge Alsup's pre-filing review order mentioned that Mr.
4  Moye was listed as a party in about 80 actions of various types in the San Francisco County Superior
5  Court, most of which were filed by Mr. Moye and many of which had defendants with the same
6  names as the defendants filed in federal court. *Id.* at 3. That pre-filing review order was later
7  modified to exclude from pre-filing review the actions Moye filed while in custody because prisoner
8  cases already are subject to a separate screening under 28 U.S.C. § 1915A. Docket # 2 in *In re:*
9  *Moye*, N. D. Cal. Case No. C 14-80177 RS.[1]

10     In a recent one-month span, Mr. Moye filed 18 new actions from the confines of the San
11  Francisco County Jail. These actions are now before the Court for review under 28 U.S.C. § 1915
12  and § 1915A.[2] Mr. Moye has named as defendants people listed as defendants in previous actions in
13  federal and state court, and seems to be trying to allege claims that are at least very similar to his
14  claims in earlier actions. The new actions have substantial overlap with each other, with recurring
15  themes being Mr. Moye's dissatisfaction of the handling of the Hurdle Estate, property at 40-42
16  Parsons Street in San Francisco, his criminal prosecution, and a failed run for office in San
17  Francisco. In light of the extremely repetitive nature of the allegations and the overarching
18  problems that plague all the complaints, it is preferable to do a single order identifying the major
19  problems so that Mr. Moye can attempt to file amended complaints that address those problems.
20  This will avoid the laborious tasks of writing and reading 17 nearly identical orders of dismissal
21  with leave to amend.

---

[1] Abusive filings by prisoners are subject to 28 U.S.C. § 1915(g), which generally disallows pauper status for a prisoner who has had three or more actions dismissed on the grounds that they were frivolous, malicious or failed to state a claim. Section 1915(g) does not yet apply to Mr. Moye because he had not yet accumulative enough dismissals in non-habeas actions that were filed while he was a prisoner and have become final judgments.

[2] This order addresses 17 of the 18 actions. The 18th action, *Moye v. Napa State Hospital*, No. C 14-3121 EMC, has a distinctly different focus and is addressed in a separate order.

2

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). For cases in which a plaintiff proceeding *in forma pauperis* has sued private parties, the court may review and dismiss the action if it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Each complaint is a rambling jumble of ideas that is largely incomprehensible. Mr. Moye alleges a grab-bag of legal claims against the defendants in each action, mentioning numerous constitutional provisions, statutes and torts, but fails to allege an understandable set of facts to go with any of those constitutional provisions, statutes and torts. Each complaint is dismissed for failure to state a claim upon which relief may be granted. Leave to amend is granted so that Mr. Moye may file an amended complaint in each action that cures the several deficiencies addressed in this order.

First, each complaint fails to allege "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2). The conclusory allegations in each complaint fail to satisfy some of the basic purposes of a complaint: framing the dispute and giving the defendants and court notice of the claims upon which relief is sought.[3]

---

[3] The difference between a conclusory allegation and a factual allegation can best be understood by some examples. For example, "Smith drove negligently" is a conclusory allegation and "Smith drove through an intersection without stopping at the stop sign" is a factual allegation. As another example, "Judge Smith imposed an excessive fine" is a conclusory allegation and "Judge

Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). In each amended complaint, Mr. Moye must allege a short and plain statement of each claim for relief he wishes to assert.

Second, the amended complaint in each action must list every defendant for that action and the adequately link each defendant to the claim(s). Mr. Moye should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights, and stating when the violation occurred. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Mr. Moye is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Third, many of Mr. Moye's complaints refer to fraud, bank fraud and realty fraud but fail to describe the fraud in any detail. "[A] party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999).

---

Smith imposed a fine of eight million dollars" is a factual allegation. When a complaint merely alleges conclusions and does not describe the facts that support the conclusions, it is deficient.

4

Fourth, Mr. Moye makes numerous allegations that appear to be about the sale of the property at 40-42 Parsons Street in San Francisco, but it already has been adjudicated that he has no right, title or interest in that property. On May 23, 2013, the San Francisco County Superior Court entered judgment quieting title to the property at 40-42 Parsons Street, determining that (a) Lydia Baca was the true owner of the property and (b) Moye had no right, title or interest in the property. *See* Judgment filed May 23, 2013 at 2-3 in *Baca v. Moye*, San Francisco County Superior Court Case No. CGC-11-510269. It appears that no appeal was taken from that judgment. In light of the judgment in the San Francisco County Superior Court, Mr. Moye's efforts to assert claims about the sale of that property appear to be barred by res judicata and/or collateral estoppel. The court has the authority to examine the preclusive effect of a prior judgment sua sponte. *See Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993); *McClain v. Apodaca*, 793 F.2d 1031, 1032-33 (9th Cir. 1986).

The related doctrines of res judicata and collateral estoppel limit litigants' ability to relitigate matters. Under the doctrine of res judicata (also known as the claim preclusion doctrine), "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . Under collateral estoppel [also known as the issue preclusion doctrine], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Mr. Moye must explain why his claims about the sale of the Parsons Street property are not barred under the doctrines of res judicata and collateral estoppel due to the judgment in *Baca v. Moye*, San Francisco County Superior Court Case No. CGC-11-510269. For example, he may demonstrate that the factual basis for the claim in that action is not the same as for the claim in this action, or that the defendants did not prevail on the merits. He also may state any other reason he has why the judgment in the earlier action should not bar this action. He may provide the information in his amended complaint or in a separate written brief filed with any amended complaint in which he alleges a claim pertaining to the sale of the Parsons Street property.

Fifth, many of Mr. Moye's claims appear to be about events and omissions that occurred more than four years ago and thus appear to be time-barred. A "statute of limitations" sets the

amount of time within which an action must be brought for a wrong.  There is not a universal statute of limitations or a single limitations period; instead, the length of the limitations period depends on the nature of the cause of action being asserted.  Section 1983 does not contain its own limitations period, so the court looks to the limitations period of the forum state's statute of limitations for personal injury torts.  *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994).  California's statute of limitations period for personal injury torts is now two years, and the statute of limitations period for § 1983 claims is two years.  *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1; *Elliott*, 25 F.3d at 802.[4]  It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Elliott*, 25 F.3d at 801-02.  Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *See TwoRivers*, 174 F.3d at 991-92; *Elliott*, 25 F.3d at 802.

The limitations period may be tolled for certain disabilities that existed when the cause of action accrued.  *See* Cal. Penal Code § 357.  Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years, but only for a plaintiff who is in prison "for a term less than for life."  *See* Cal. Civ. Proc. Code § 352.1.  And a plaintiff's insanity is a disability that may toll the limitations period.  *See* Cal. Civ. Proc. Code § 352(a).  For purposes of the tolling provision, "the term 'insane' has been defined as a condition of mental derangement which renders the sufferer incapable of caring for his property or transacting business, or understanding the nature or effects of his acts."  *Hsu v. Mt. Zion Hospital*, 259 Cal. App. 2d 562, 571 (Cal. Ct. App. 1968) (citation omitted).

The limitations period may be subject to equitable tolling.  Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal

---

[4] There are different statutes of limitations for different kinds of claims, but the Court will not list them all because it is not clear which claims Mr. Moye may be able to state.  In addition to the two-year period that governs § 1983 claims, some of the state law claim limitations periods are two years for causes of action for personal injury and negligence (*see* Cal. Code Civ. Proc. § 335.1); two years for claims under the California Constitution (*see id.*; *Acuna v. Regents of Univ. of California*, 56 Cal. App. 4th 639, 647 (1997); three years for trespass, other injury to real property, or an action upon a liability created by statute (*see* Cal. Code Civ. Proc. § 338); and four years for an action on a contract (*see* Cal. Code Civ. Proc. § 337).

remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)).

Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the situation here with regard to the many claims that are based on events and omissions that occurred before 2010. Mr. Moye must explain, in his amended complaint or in a separate brief filed with the amended complaint, why his claims for events and omissions that occurred before 2010 should not be dismissed as time-barred.

Sixth, Mr. Moye complains of a criminal prosecution against him, but it appears almost certain he cannot proceed with such claims at this time as he is in the county jail. A plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that – even if it does not directly challenge the conviction or other decision – would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction *in* a civil rights action for damages or declaratory relief; the decision must have been successfully attacked *before* the civil rights action for damages is filed. The *Heck* rule requires dismissal of a case where the conviction has occurred. When the action is brought by a pretrial detainee and the criminal proceedings are still pending, the action will be stayed rather than dismissed if it would, if successful, "impugn an anticipated future conviction." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Here, each complaint is not sufficiently clear enough for the Court to determine the status of the criminal proceedings against Mr. Moye. In each amended complaint in

1  which he wishes to complain about the criminal proceedings, he must (in addition to curing all the
2  other deficiencies discussed in this order) report the status of the criminal proceedings, e.g., whether
3  he is awaiting trial, has been convicted, or has had the conviction overturned.

4  Seventh, Mr. Moye alleges that Lydia Baca, a defendant in several actions, was acting
5  "under color of law." *See, e.g.*, Docket # 1 at 7 in *Moye v. Baca*, Case No. C 14-2537 EMC. The
6  allegations of the garbled complaint indicate that Baca was a federal "government employee & ex
7  Navy soldier," *id.* at 3, and bought the Parsons Street property in which Moye claims an interest.
8  The private actions of a public employee are not, simply by virtue of the person's governmental
9  employ, accomplished under the color of state law. *See Johnson v. Knowles*, 113 F.3d 1114, 1117
10 (9th Cir. 1997). A person acts under color of state law if he "exercise[s] power possessed by virtue
11 of state law and made possible only because the wrongdoer is clothed with the authority of state
12 law." *West v. Atkins*, 487 U.S. at 49 (citation and internal quotation marks omitted). Mr. Moye
13 must allege facts beyond simply her employment if he wishes to assert a § 1983 claim against Ms.
14 Baca for her purchase of the property.

15 Eighth, Mr. Moye may only assert a claim against a defendant in one action. He may not, for
16 example, assert the same fraud claim against defendant X in multiple actions.

## IV.   CONCLUSION

18 Each of the complaints in the 17 referenced actions fails to state a claim upon which relief
19 may be granted. Mr. Moye is given leave to file an amended complaint in each action so that he
20 may allege one or more claims against each of the listed defendants. Each amended complaint must
21 be filed no later than **September 12, 2014**, and must include the caption and civil case number for
22 that particular action and the words AMENDED COMPLAINT on the first page. If Mr. Moye fails
23 to file an amended complaint by the deadline for an action, that action will be dismissed.

24 ///
25 ///
26 ///
27 ///
28 ///

8

The Court will rule on the *in forma pauperis* applications in a separate order. All other pending motions in all 17 referenced actions are **DENIED** as premature. The Court will not entertain any motions from Mr. Moye in any of these actions until the Court determines that he has a viable amended complaint on file.

IT IS SO ORDERED.

Dated: July 28, 2014

_____
EDWARD M. CHEN
United States District Judge